**Eddie Lee BOLTON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

Aug. 16, 1979.

Permission to Appeal Denied by Supreme Court Oct. 29, 1979.

Charles E. Baucum, Asst. Public Defender, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, Kenneth R. Roach, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

WALKER, Judge.

Convicted of robbery by means of a deadly weapon and sentenced to 30 years' imprisonment, Eddie Lee Bolton appeals to this court, first challenging the sufficiency of the evidence to sustain the jury's verdict. At issue is whether or not the testimony of an accomplice is sufficiently corroborated.

The state's evidence showed that on August 27, 1977, Dick and Teen Yee, owners of Ford Road Grocery in Memphis, were robbed of approximately $500 by three young persons with a sawed-off shotgun. Although Mr. and Mrs. Yee were ordered to lie on the floor and not to look at the robbers, they were able to give officers a general description of their clothing. At trial they identified an old sawed-off shotgun with black tape as the weapon.

Two days later officers arrested the appellant along with Jesse James Dean, Jr., and Abraham Mitchell on another charge. In a search of the appellant's automobile at that time the officers found the shotgun later identified as that used in this robbery.

Jesse James Dean, Jr., a juvenile, testified that the appellant was the driver of the get-away car on the occasion of the robbery; that the appellant planned the robbery and took him (Dean) and two others there and waited for them in the appellant's car. Dean said that he owned the shotgun, and that he was now confined at Taft Youth Center for his part in the robbery.

The appellant did not testify or offer any evidence.

■ Slight circumstances may be sufficient to furnish the necessary corroboration of an accomplice's testimony. Here the shotgun used in the robbery was found in the appellant's automobile two days after the crime. Under the rules laid down in *McKinney v. State*, 552 S.W.2d 787 (Tenn.

Cr.App.1977), the evidence sufficiently corroborates the testimony of the accomplice.

■ The appellant complains that the court did not instruct the jury on corroboration of an accomplice. At the close of the evidence, in response to inquiry from appellant's counsel, the court informed counsel for both sides what he intended to charge the jury and asked the appellant's counsel if he had anything further. The appellant made no request for additional instructions. In the absence of a special request, the trial judge did not err here. *Cole v. State*, 187 Tenn. 459, 215 S.W.2d 824 (1948).

The appellant next attacks the search of the automobile in which the shotgun was found, saying that the search violated both the state and federal constitutions. We examine the facts which led to the search which were presented at the jury-out hearing.

On August 29 Officer Johnson and his partner were stopped by two women who reported that they had been raped and robbed by three men using a sawed-off shotgun. As the officers drove the women around looking for suspects, the women pointed out the appellant's car as being the one in which their assailants had been riding.

After taking the women back to the place where they had found them, the officers returned to the car and began a visual examination of its outside. A drive-out tag had been issued in the appellant's name. When three young persons soon approached the car, the officers asked them their names, ages and addresses because they appeared to be minors and it was past the curfew hour. All three denied knowing anything about the car. The appellant also denied its ownership although he had given the officers his correct name. The three matched the general description given to the officers by the women. The officers placed them under arrest and returned the women to the scene. The women promptly identified the three as the ones who had raped and robbed them.

Before having the car towed away, the officers conducted an inventory search in which they located the shotgun. It was reasonable for them to believe that they would there find the weapon the women had described.

 At the suppression hearing the appellant questioned whether an inventory was actually made. We find that this was a valid search whether or not an inventory was made. A well recognized exception to the warrant requirement is that a search may be conducted if an officer has probable cause and there are exigent circumstances. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975; 26 L.Ed.2d 419 (1970); *Fuqua v. Armour*, 543 S.W.2d 64 (Tenn.1976); *State v. Hughes*, 544 S.W.2d 99 (Tenn.1976). In this case the officers had probable cause to believe that a sawed-off shotgun was in the car. Exigent circumstances also existed. The automobile search was valid.

 The appellant also complains because the trial judge permitted the shotgun to be introduced as an exhibit for identification by Mr. and Mrs. Yee prior to a hearing on its admissibility. While this is not the better practice, we find no error under these circumstances in view of our determination that the evidence was later properly admitted. If there is any doubt as to the admissibility of tangible evidence, its display and tender should be made outside the presence of the jury. See ABA Standards Relating to the Prosecution Function, Sec. 5.6(c), Presentation of Evidence.

 In his attack on the admissibility of the shotgun, the appellant says that the court erred by refusing to hear his motion to suppress prior to trial. He cites Tenn.R. Crim.P. 12(e) to the effect that such motions shall be determined before trial, unless the court, for good cause, orders that it be deferred. This motion was filed long before trial and the defense counsel asked for a ruling before the trial. Without giving any reason, the trial court declined to hear it then. Rule 12 contemplates that such motions be passed upon before trial unless there is *good cause* to defer it. The record shows no reason for the trial judge's action. In most cases it is to the interest of the court and all parties to dispose of similar motions in advance of trial. While the trial judge erred in failing to show good cause, if that were present, in view of the admissibility of the evidence, the timing of the hearing was not prejudicial.

 Bolton insists that the court erred by refusing to permit counsel to question prospective jurors as to whether they would be prejudiced because he was in jail, unable to make bond. The trial judge has wide discretion in the scope of voir dire examination of the jury. *Smith v. State*, 554 S.W.2d 648 (Tenn.Cr.App.1977). We find no abuse of that discretion. Further, Bolton did not request that he be tried in civilian clothing. Under the reasoning of *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), he cannot claim prejudice.

All assignments are overruled and the judgment is affirmed.

O'BRIEN and DAUGHTREY, JJ., concur.