**STATE of Tennessee, Appellee,**

v.

**Robert Clay ROE, Jr., Appellant.**

**No. 177.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 8, 1980.

Permission to Appeal Denied by Supreme Court Feb. 23, 1981.

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for appellee.

John H. Dinwiddie, Cleveland, for appellant.

OPINION

CORNELIUS, Judge.

Robert Clay Roe, Jr., appeals as of right from his convictions by a Bradley County jury. Roe was tried upon a three count indictment charging burglary in the third degree, grand larceny and joy riding. He was acquitted of the larceny count. He was convicted of third degree burglary and sentenced to not less than three nor more

than five years and convicted of joy riding and sentenced to not less than one nor more than two years in the State Penitentiary. The trial judge ran the two sentences concurrently.

The appellant presents three issues for review. His first issue attacks the suffi-. ciency of the convicting evidence. The evidence adduced at trial by the State and accredited by the jury's verdict is briefly summarized as follows.

James Earl, service manager of Mullinaz Lincoln Mercury, testified that he closed his place of business on Saturday, December 22, 1979 and re-opened on Monday, December 24, 1979. On Monday morning he discovered that the dealership had been burglarized and that a 1979 Lincoln Mark V had been stolen from inside the building and a 1977 Jeep had been taken from the used car lot.

Ricky McMurray testified that late Saturday night, while visiting with his then wife, Stacy Ann Bates, Robert Roe drove up in a Lincoln Continental automobile. He left and came back driving a jeep. Roe informed McMurray and Stacy that these automobiles belonged to a rich girl whose father owned a car lot. Ricky and Stacy went for a ride in the jeep. Stacy was subsequently returned to her mother's house and McMurray and Roe continued to ride around in the jeep. They later got the jeep stuck. Prior to abandoning the jeep, Roe wiped down the jeep and informed McMurray that it had come from the Lincoln dealership. McMurray subsequently told Robbie Ledford about the stuck jeep.

Stacy Ann Bates' testimony corroborated her ex-husband's testimony that Roe was driving a Lincoln Continental and that they subsequently went riding in the jeep.

Robbie Ledford testified, that after McMurray informed him about the jeep being stuck, he and Don Morrow retrieved the jeep. After unsuccessfully trying to contact McMurray, he learned that the jeep was stolen. He and Morrow took the jeep to a nearby field, called the Sheriff's department and informed them of its location.

The appellant presented no evidence at trial. On appeal of a conviction in the trial court, the State is entitled to the strongest legitimate view of the trial evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832 (Tenn. 1978). Viewing the present evidence in this fashion, there is ample direct and circumstantial evidence upon which a rational trier of fact could find the essential elements of these crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Rule 13(e), Tennessee Rules of Appellate Procedure.

The next issue presented for review is whether the trial judge erred in failing to suppress the testimony of certain witnesses as fruits of an illegal arrest.

The trial judge considered that Roe's warrantless arrest was without probable cause. The District Attorney conceded the issue. The two statements which Roe gave subsequent to this illegal seizure were suppressed. In these statements Roe revealed to the law enforcement authorities that McMurray, Ms. Bates and Ledford had information concerning the crimes. The law enforcement officers subsequently obtained statements from these witnesses. Roe contends that the identity of these witnesses was the fruits of his illegal seizure and that the trial judge should have suppressed this evidence. Deputy Sheriff Andy Lockhart testified that he learned of Ledford's involvement with the jeep prior to Roe's statements and that Ledford subsequently gave him McMurray's name. In overruling this motion, the trial judge found the following:

> "I think at the present time and nothing else appearing that the statement of Mr. Ledford and Mr. McMurray would be proper witnesses in this case based upon the fact that their names were available from a source outside the statement of the defendant prior to the time the statement was taken. All right. I will overrule the motion insofar as their testimony would be concerned...."

In *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), the United States Supreme Court stated:

"We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'"

The record supports the trial judge's finding that the identity of the witnesses was obtained from an independent source. This evidence was not obtained by exploitation of the illegal arrest. The trial judge properly denied the motion to suppress these witnesses.

The last issue presented is whether the State's witnesses were accomplices, and if so, was their testimony corroborated.

■■■ The appellant contends that McMurray, Ledford and Ms. Bates were accomplices because they participated in the joy riding offense. The record fails to support this contention. An accomplice is one who knowingly, voluntarily and with common intent unites with the principal offender in the commission of the crime. *Prince v. State*, 529 S.W.2d 729, 731 (Tenn.Cr.App. 1975) cert. denied 1975. There is no material evidence that McMurray, Ledford or Ms. Bates knowingly and with common intent united with Roe in this criminal episode.

All issues being resolved adversely to the appellant, the judgment below is affirmed.

DWYER and DUNCAN, JJ., concur.