STATE of Tennessee, Appellee,

v.

**William Henry INGRAM, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

May 6, 1982.

Permission to Appeal Denied by Supreme Court on Sept. 7, 1982.

Charles E. Baucum, Asst. Public Defender, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Jerry L. Smith, Asst. Atty. Gen., Nashville, Henry P. Williams, John Overton, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

The appellant, William Henry Ingram, was indicted jointly with Garrett Jerome Webb for committing the offense of robbery with a deadly weapon, T.C.A. § 39–3901. The jury fixed the punishment of Ingram at confinement for eleven years. Webb is not before the court.

Ingram's private counsel at trial was allowed to withdraw by the trial court upon its denial of the motion for a new trial. Subsequently, the court appointed the Public Defender's Office of Memphis to perfect this appeal.

The issues raised on this appeal of right, T.R.A.P. 3, are these: was the evidence insufficient, did the trial court err in allowing rebuttal argument by the State after appellant had waived argument, did the prosecutor's argument breach appellant's right not to testify, should the cross examination of co-defendant by appellant have been limited by the trial court, and did the trial court err in denying appellant's two special requests for jury instructions.

On September 1, 1980, the McLemore Market located at 4514 Millbranch Road in Memphis was robbed by a lone gunman around 10:30 p.m. As the female manager of the market emptied the cash register of money she activated a silent alarm to alert the police that a holdup was in progress. A police car that was a short distance from the store responded promptly. The officer observed a slender male black cross the street with a bag in one hand and a pistol in the other. The officer chased this person by car and on foot to a Cadillac parked diagonally in the parking lot of an apartment complex across from the market. A prompt request brought a backup officer on the scene; both officers approached the Cadillac car. Inside they observed Webb and Ingram down on the floorboard. The appellant was on the driver's side, Webb on the passenger's side. When they were removed from the car a revolver was recovered from the floorboard on the passenger side.

The manager of the market was brought over to the parking lot where she identified Webb as the holdup man. The following morning Webb made an inculpating statement to police that he robbed the store and that he and Ingram had planned the holdup.

At trial Webb testified in his own behalf admitting his guilt and inculpating Ingram. It was developed during his testimony that in exchange for his pleading guilty and testifying truthfully the State was going to recommend to the jury that his punishment be fixed at ten years.

The appellant did not offer any proof.

■ Under settled rules of law, the evidence of the State on appeal is viewed in its strongest light to the theory of the State. *State v. Cabbage,* 571 S.W.2d 832, 836

(Tenn.1978). The appellant has the burden here to show that the evidence preponderates against his guilt and in favor of his innocence. *State v. Brown,* 551 S.W.2d 329, 331 (Tenn.1977).

 With Webb observed running towards and entering the Cadillac car which had a drive-out tag recorded in appellant's name, with both Webb and Ingram found hiding in that car by the officers, and with the pistol found lying therein on the passenger side, a jury question was raised as to whether or not appellant was a participant in the robbery as an aider and abettor. These circumstances fully corroborate Webb's testimony that Ingram was an active participant in the robbery. *McKinny v. State,* 552 S.W.2d 787 (Tenn.Cr.App.1977). The evidence, including corroboration of Webb's testimony, is more than ample to sustain the jury's verdict. The evidence fully comports with T.R.A.P. 13(e). The evidence issue is overruled.

Since no reference was made to Ingram in the State's closing argument rebutting the argument of Webb, there is no violation of Tenn.R.Crim.P. 29.1(a). This issue of appellant is overruled.

Since the denial of special jury instructions and the part of the prosecutor's argument which reflected on appellant's right not to testify were not mentioned in the motion for new trial, the issues are waived. *State v. Givhan,* 616 S.W.2d 612, 613 (Tenn.Cr.App.1980).

When Webb changed his plea to guilty, he testified and was questioned by the State and appellant. It became apparent that he had agreed to testify "truthfully" if the State would recommend to the jury that his punishment be affixed at ten years. During the State's examination it was developed that Webb had no prior conviction. The appellant tried to develop from Webb if part of that agreement included another offense of robbery committed on August 29, 1980, for which an indictment charge against Webb was pending. The trial court sustained the State's objection to that line of questioning. This was

error. Under these circumstances, the full particulars of the guilty plea negotiations made by the State and Webb were open to exploration. The State argues here that the limitation was proper, for to develop the pending charge would have been prejudicial to Webb. While this may be true, when the State entered into its agreement with Webb in exchange for his "cooperation", basic fairness should have dictated that all of the compromise was open for scrutiny and inquiry. Nevertheless, with overwhelming evidence of appellant's guilt, a reduction of the sentence will suffice to remedy the limitation of appellant's right to cross examination. The judgment of appellant is accordingly reduced to ten years, that is, if the State assents; if the State does not assent, the record is remanded for trial on punishment alone.

O'BRIEN and SCOTT, JJ., concur.