**STATE of Tennessee, Appellee,**

v.

**Nelson Keith FOSTER, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 3, 1988.

Permission to Appeal Denied by Supreme Court Aug. 29, 1988.

Daniel P. Street, Kingsport, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Bettye Springfield–Carter, Asst. Atty. Gen., Nashville, H. Greeley Wells, Asst. Dist. Atty., Blountville, for the State.

## OPINION

WADE, Judge.

After indictments for third degree burglary, grand larceny, receiving stolen property and concealing stolen property, Nelson Keith Foster was convicted in a jury trial of concealing stolen property and sentenced to six years in prison. In this appeal, the defendant contests the sufficiency of the evidence and alleges other error as follows:

(1) the witnesses, Phillip Price and Clarence Chisholm, should have been declared accomplices as a matter of law or the issue should have been submitted to the jury;

(2) prejudicial, unsolicited testimony was admitted before the jury;

(3) the defendant was improperly impeached with prior convictions; and

(4) the sentence imposed was unduly harsh and not in compliance with the Criminal Sentencing Reform Act.

The judgment of the trial court is affirmed.

On June 9, 1986, Wayne Anderson of the Kingsport Police Department began an investigation of a burglary at the Tri–State Analytical Laboratory. Among the items stolen was an Apple II Computer system valued at approximately $3,000. The computer was marked with the driver's license number of the owner. Through subsequent investigation, the computer was found at the apartment of Phillip Price and Clarence Chisholm.

Chisholm was moving into the apartment shared with Phillip Price when he met the defendant, an employee of a moving company. On the same day, Chisholm hired the defendant to build some shelves in the apartment. After putting in the shelves, the defendant told Chisholm he had a computer to sell for $350. They agreed on the sum of $250.

Chisholm, who first saw the computer in the trunk of the defendant's car, stated that he thought the computer was worth approximately $1,000. He testified that the defendant was with Alfred Price (no known relation to Phillip Price) at the time he (Chisholm) first inspected the computer. Chisholm said that he and his roommate each paid one-half of the cost.

On the following day, Alfred Price returned to Chisholm's apartment and asked for a return of the computer stating that "they" had stolen it. Shortly thereafter, Officer Anderson arrived, searched the apartment and seized the computer.

Phillip Price was present on the day the defendant sold the computer. He saw the computer in the car driven by the defendant and observed the other man carry it into the apartment. He saw Chisholm pay the defendant $250 but contradicted a portion of Chisholm's testimony by denying that he had contributed to the cost.

In his defense, Foster, an employee of a moving company, testified that he agreed to build shelves for Chisholm. On his way

to acquire the materials, he encountered Alfred Price. Because the defendant knew that Chisholm was interested in a computer, he allowed Alfred Price to place the item in the trunk of his car. He denied that he carried the computer into the apartment or negotiated its sale. The defendant acknowledged that Chisholm gave him the $250 purchase price along with $20 for the shelves. He said he gave the money for the computer to Alfred.

In reviewing the sufficiency of the evidence, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983).

In order to sustain a conviction for receiving or concealing stolen property, the evidence must indicate: (1) that defendant fraudulently received, purchased, concealed, or aided in concealing (2) goods feloniously taken or stolen from another, or goods obtained by robbery or burglary, (3) knowing such goods to have been so obtained, (4) with the intent to deprive the owner of possession. *State v. Goins,* 705 S.W.2d 648, 650 (Tenn.1986); T.C.A. § 39–3–1112(b). The evidence was sufficient to sustain the conviction. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

As a part of this issue, the defendant complains that he was "unduly prejudiced by the trial judge's refusal to grant a judgment of acquittal on the charges of burglary and grand larceny." The gravamen of this contention is that the submission of the burglary and grand larceny charges to the jury somehow compromised the jury's consideration of the receiving and concealing charge.

A frequent and perhaps accurate complaint of the criminal defense bar is that the state often pursues the prosecution of several charges in the hopes of a conviction on one. While this court acknowledges (yet does not condone) the occasional use of such a strategy, the practice is not necessarily prejudicial. The tactic presents a double-edged sword: sometimes bolstering a marginal prosecution and at other times serving to tarnish the credibility of the state's interests.

■ In any event, the defendant cites no authority for his contention that he suffered prejudice by the variety of charges submitted to the jury. This court is unable to lend support for the argument. Rule 10(b) Rules of Court of Criminal Appeals; Rule 27(a)(7), T.R.A.P. Regardless of the circumstances, the jury appears to have separated the proverbial wheat from the chaff.

These issues relating to sufficiency of the evidence are without merit.

I

The defendant contends that the trial court erred by its failure to instruct the jury that the witnesses, Chisholm and Phillip Price, were accomplices as a matter of law, or, in the alternative, by not submitting the issue to the jury.

■ In order to be an accomplice, one must knowingly, voluntarily and with common intent unite with the principal offenders in the commission of the crime. *Pennington v. State,* 478 S.W.2d 892, 897 (Tenn.Cr.App.1971). *State v. Roe,* 612 S.W.2d 192 (Tenn.Cr.App.1980). An accomplice is not "a person who has guilty knowledge, or is morally delinquent, or who was even an admitted participant in a related but distinct offense." *Pennington,* 478 S.W.2d at 898. Whether Chisholm and Phillip Price were accomplices would properly be a question for the jury. *Bethany v. State,* 565 S.W.2d 900 (Tenn.Cr.App.1978). Upon the failure of the trial court to properly charge the jury on this issue, however, it becomes the responsibility of the defendant to submit a special request. His failure to do so constitutes a waiver of the issue. *State v. Copeland,* 677 S.W.2d 471

(Tenn.Cr.App.1984); *Bolton v. State*, 591 S.W.2d 446 (Tenn.Cr.App.1979).

A defendant may not be granted relief on appellate review when he fails to take action reasonably necessary to prevent or nullify the error. Rule 36(a) T.R.A.P., *Meade v. State*, 484 S.W.2d 366 (Tenn.Cr.App.1972).

This contention must be overruled.

## II

The defendant claims that the trial court should have declared a mistrial due to the prejudicial and unsolicited testimony of Chisholm:

Q: And not long after that Sergeant Anderson showed up knocking on your door, did he not?

A: Uh-huh.

Q: And you were lead to believe that he had followed this Alfred man to your apartment. Is that correct?

A: Correct.

Q: Okay.

A: Alfred came to the door and had said that he wanted the computer back, *that they had stolen* which to me was —I said, well, I had given two hundred and fifty dollars ($250.00) for the computer.... (emphasis added.)

The defendant did not object at that time but later made a motion to strike at the close of the case. The rule requires a contemporaneous objection; otherwise, the issue is waived. *State v. Harrington*, 627 S.W.2d 345 (Tenn.1981).

■ In any event, the trial court properly provided curative instructions for the jury not to consider the testimony as evidence. While this court concedes that such a charge often presupposes a mentality of contortionistic proportions on the part of the fact finder, the law nonetheless directs (and properly so) that a jury is presumed to have followed the instructions of the court. *State v. Lawson*, 695 S.W.2d 202, 204 (Tenn.Cr.App.1985).

Accordingly, this issue is without merit.

## III

The next question presented for review is whether the trial court erred in allowing the state to impeach the defendant with his 1971 armed robbery conviction. The defendant has also waived his right to make this contention. The issue was not presented to the trial court in the motion for new trial. Rule 3(e) T.R.A.P.; *State v. Strouth*, 620 S.W.2d 467, 471 (Tenn.1981); *State v. Ingram*, 638 S.W.2d 428, 430 (Tenn.Cr.App.1982).

■ Notwithstanding this omission, the conviction was properly used for impeachment purposes; the release date of June 1, 1978, is within the ten-year standard. *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976).

## IV

The defendant finally complains that his six year sentence as a Range I, standard offender, was unduly harsh and not in accordance with the Criminal Sentencing Reform Act of 1982.

When a defendant challenges the length, range, or manner of his sentence, it is the duty of this court to conduct a *de novo* review of the sentence without any presumption of correctness. T.C.A. § 40–35–402(d); *State v. Moss*, 727 S.W.2d 229, 239 (Tenn.1986); *State v. Smith*, 735 S.W.2d 859, 863 (Tenn.Cr.App.1987).

■ In conducting its examination, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the pre-sentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. *Smith*, 735 S.W.2d at 863.

■ The defendant was thirty-nine years old at the time of this conviction. The pre-sentence report reveals an extensive criminal history. He has engaged in a continuous course of criminal conduct since

a juvenile in 1963. The nature of these previous convictions vary from traffic tickets (of which there are at least eleven), assault and battery, the passing of worthless checks, and criminal trespass, to third degree burglary and armed robbery.

Following convictions for the issuance of worthless checks in November 1981 and March 1982, the defendant was placed on probation. In the first instance, probation was revoked. In the second, a contempt order was issued for failure to make restitution. The defendant was also placed on probation following a 1969 burglary conviction; it was revoked in 1971. The defendant was in prison until his parole in 1977.

There are two applicable enhancement factors: (1) the defendant has a previous history of criminal convictions and (2) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. T.C.A. § 40-35-111.

Conversely, there are mitigating factors: (1) defendant's conduct neither caused nor threatened serious bodily injury and (2) the defendant did not contemplate that his criminal conduct would cause or threaten serious bodily injury. T.C.A. § 40-35-110.

Upon a review of the entire record and the consideration of applicable factors, this court concludes that the six year sentence is appropriate.

This issue is without merit.

The judgment of the trial court is affirmed.

FORD, Special Judge, and JONES, J., concur.