**STATE of Tennessee, Appellee,**

v.

**Donna MAXEY, Appellant.**

Court of Criminal Appeals of Tennessee,
at Nashville.

Dec. 8, 1994.

Gary Howell, Columbia, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Cecil H. Ross, Asst. Atty. Gen., Criminal Justice Div., Nashville, Mike Bottoms, Dist. Atty. Gen., Robert C. Sanders, Asst. Dist. Atty. Gen., Columbia, for appellee.

## OPINION

SUMMERS, Judge.

The Circuit Court at Maury County entered a jury verdict finding Donna Maxey[1] guilty of the crime of the rape of a child pursuant to T.C.A. § 39–11–402 (1991) and T.C.A. § 39–13–522 (Supp.1994). The court imposed a sentence of fifteen years. Pursuant to T.R.A.P. 3(b) Maxey has appealed and presents the following issues:

(1) Is the evidence sufficient to support the jury's verdict?

(2) Were the trial court's jury instructions erroneous?

(3) Did the court err in refusing to find Maxey an especially mitigated offender?

For the reasons stated herein, we reverse the jury verdict and dismiss the charge against Maxey.

In a separate case, Todd Hampton pled guilty to simple rape of the victim in this appeal, a twelve year old female. The state indicted Maxey, the victim's former aunt, charging her with rape of a child, contending that she was responsible for Hampton's crime. The jury convicted Maxey and she has appealed, arguing that the evidence is

---

1. The defendant's name in the indictment appears as *Maxie*. Everywhere else in the record, it appears as *Maxey*.

insufficient to support a finding that she intended that Hampton rape the victim.

The facts basic to this appeal are undisputed. On the evening of the offense, the victim's mother reluctantly gave the victim permission to spend the night with Maxey at Maxey's stepfather's house. Maxey and the victim went to Maxey's stepfather's house for approximately twenty minutes and then went to Maxey's sister's trailer. Todd Hampton, twenty years old, and Dale Adcock, Maxey's nephew, were at the trailer. Maxey brought a half gallon of whiskey into the trailer and Hampton, Adcock, Maxey, and the victim began drinking. After two or three drinks, the victim became drunk and got sick. Maxey and apparently Hampton and Adcock drove the victim around the block in an attempt to sober her up by exposing her to fresh air. In a further attempt to sober up the victim, they placed her in a cold shower. After borrowing some clothes from Hampton, the victim went into the back bedroom of the trailer and went to sleep. Maxey and Adcock apparently continued drinking in the living room. The victim testified that when she woke up, Hampton was having sexual intercourse with her. The victim further testified that she told Hampton to get off of her and he did. Hampton testified that he went to the bedroom first, that the victim followed him into the bedroom; and they had consensual sexual relations. Hampton entered into a plea agreement with the state wherein he pled guilty to simple rape and testified at the trial of Maxey.

T.C.A. § 39–11–402 reads in pertinent part:

A person is criminally responsible for an offense committed by another if:

(2) Acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense; or

(3) Having a duty imposed by law or voluntarily undertaken to prevent commission of the offense and acting with intent to benefit in the proceeds or results of the offense, or to promote or assist its commission, the person fails to make a reasonable effort to prevent commission of the offense.

On appeal, Maxey contends that there is insufficient evidence to support the jury's verdict that she "intended" that Hampton rape the victim. T.C.A. § 39–11–402(2) requires proof of intent to promote or assist the commission of the offense. Subsection (3) requires intent to benefit in the proceeds or results of the offense or intent to promote or assist the commission of the offense. T.C.A. § 39–11–302(a) (1991) states that a person acts intentionally with respect to the nature of conduct or to a result of conduct when it is a person's conscious objective or desire to engage in the conduct or cause the result. The Sentencing Commission Comments to this definition explain that "[i]ntentional conduct or an intentional result occurs when the defendant wants to do the act or achieve the criminal objective. A defendant acts knowingly, on the other hand, when he or she is aware of the conduct or is practically certain that the conduct will cause the result, irrespective of his or her desire that the conduct or result will occur." The plain terms of T.C.A. § 39–11–402(2), (3) indicate that proof of negligence or recklessness does not suffice to make a person criminally liable. The intent required by these subsections is demanding. It is necessary that the defendant "in some way associate himself with the venture, act with knowledge that an offense is to be committed, and share in the criminal intent of the principal in the first degree." *Hembree v. State,* 546 S.W.2d 235, 239 (Tenn. Crim.App.1976). The defendant must "knowingly, voluntarily and with common intent unite with the principal offenders in the commission of the crime." *State v. Foster,* 755 S.W.2d 846, 848 (Tenn.Crim.App.1988).

When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983). Our review of the record reveals the following evidence on the intent issue. Maxey provided the victim with alcohol and placed her in the situation where she

was raped. Maxey attempted on two occasions to sober up the victim. When the victim told Hampton that she was sixteen, Maxey indicated to the contrary to Hampton by smiling and shaking her head negatively. Maxey told Hampton that the victim liked him. After the victim went to the bedroom, Maxey asked Adcock to go into the back bedroom and check on the victim. Adcock testified that he returned and told Maxey that the victim and Hampton were having sex. There is no evidence that Maxey took any action at this time. This being the extent of the evidence, we conclude that it is insufficient to establish that Maxey intended that Hampton rape the victim.

The state concedes that no Tennessee court has ever held that a person who merely exposes another to an unreasonable risk of criminal attack by a third party has intended that attack. The state further concedes that a review of the record indicates that there was virtually no evidence having any tendency to show that Maxey knew that Hampton intended to rape the victim and that there was no evidence that could support a reasonable jury verdict in finding beyond a reasonable doubt that she intended such a result. Accordingly, we reverse the jury verdict and dismiss the charge against Maxey.

In light of our resolution of the first issue on appeal, it is unnecessary that we address the remaining two issues. We feel compelled, however, to comment on a portion of the trial court's jury instructions which is as follows:

> As heretofore stated, the defendant is charged in the indictment with the offense of rape of a child. Any person who commits the offense of a rape of a child is guilty of a felony. For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt the existence of the following essential elements. (1) that Larry Todd Hampton had unlawful sexual penetration of the alleged victim or the alleged victim had unlawful sexual penetration of Larry Todd Hampton, and (2) that the alleged victim was less than thirteen years of age, and (3) that the defendant acted intentionally, knowingly, or recklessly.

On appeal, Maxey argues that the use of the word "recklessly" in the third portion of the instructions impermissibly misled the jury as to the mens rea necessary for conviction under T.C.A. § 39–11–402 authorizing criminal liability for the conduct of another. We agree. As we discussed *supra*, this statute requires a mens rea of intent. Evidence of a mens rea of recklessness is insufficient to support a conviction under this statute. A preferable instruction in these circumstances would have provided as follows: (3) that the defendant acted with the necessary intent to be criminally responsible for the offense committed by another.

Reversed and dismissed. Costs assessed to the state.

WADE and WELLES, JJ., concur.