# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1999

FILED

February 19, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9807-CC-00287 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | MARSHALL COUNTY |
| VS. | ) | |
| | ) | HON. CHARLES LEE |
| GRADY PAUL GATLIN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Theft) |

FOR THE APPELLANT:

CLIFFORD K. MCGOWN
113 North Court Square
Waverly, TN 37185
(On Appeal Only)

JOHN HARWELL DICKEY
Assistant Public Defender
105 S. Main Street
Fayetteville, TN 37334
(At Trial and of Counsel on Appeal)

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 38243-0493

MIKE MCCOWEN
District Attorney General

W.E. BARNARD
Assistant District Attorney
Marshall Co. Courthouse
Lewisburg, TN 37091

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On March 12, 1998, a Marshall County jury convicted Appellant Grady P. Gatlin of one count of forgery, one count of transfer of a forged check, and three counts of theft over $1,000.00. After a sentencing hearing on April 22, 1998, the trial court imposed concurrent sentences of three years and three months for all five convictions. After a hearing on Appellant's Motion For New Trial on June 3, 1998, the trial court merged the convictions for forgery and transfer of a forged check into the three theft convictions. Appellant challenges his three remaining theft convictions, raising the following issues:

> 1) whether the trial court erred when it failed to dismiss two of the counts of theft; and
> 2) whether the trial court erred when it failed to instruct the jury about division of marital property under Tennessee law.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTS

Judy Gatlin testified that she and Appellant had been married for twenty-four or twenty-five years, but they separated in February of 1997. Shortly thereafter Ms. Gatlin moved to Florence, Alabama and Appellant moved to his mother's house in Lewisburg, Tennessee.

Ms. Gatlin testified that she was employed by National Health Corporation ("NHC") from 1988 to 1995, and she had a vested retirement account from which she was entitled to withdraw funds. In April of 1997, Ms. Gatlin received an application to withdraw retirement funds that had been sent to Appellant's

mother's address in Lewisburg and had then been forwarded to Ms. Gatlin in Florence, Alabama. Ms. Gatlin then filled out the application to withdraw $9,114.87 from her retirement account and she mailed the application to NHC. Shortly thereafter, the application was returned because Ms. Gatlin had failed to sign her name. Ms. Gatlin then signed the application and sent it back to NHC. When Ms. Gatlin filled out the application, she directed NHC to send the funds to her in Florence, Alabama.

Ms. Gatlin testified that when she had not received a check by June of 1997, she called NHC to inquire about the status of her account. Ms. Gatlin then learned that NHC had sent a check for $9,114.87 to Appellant's mother's address in Lewisburg pursuant to instructions NHC had received by a telephone call on May 19, 1997. Ms. Gatlin testified that she had never called NHC to direct them to mail the check to Appellant's mother's address and she had not authorized anyone to do so on her behalf. Ms. Gatlin also testified that someone else had signed her name without authorization on the postal receipt for the check that had been delivered to Appellant's mother's address.

Ms. Gatlin testified that although the check from NHC had been endorsed in the names of Ms. Gatlin and Appellant, she had not signed the check and had not authorized anyone to do so for her. Ms. Gatlin also testified that she recognized Appellant's signature on the check.

Jackie Sellers testified that as the insurance coordinator for NHC, she was responsible for the mailing of retirement checks. Ms. Seller changed the mailing address on Ms. Gatlin's application from an address in Florence, Alabama to

Appellant's mother's address in Lewisburg pursuant to a telephone call on May 19, 1997. Ms. Sellers could not remember who had made the telephone call. Ms. Sellers also testified that the check made out to Ms. Gatlin had been processed and $9,114.87 had been obtained for the check.

Mary Ann Pressnell testified that while she was working as a mail carrier on June 12, 1997, she delivered a letter to Appellant's mother's house that was addressed to Ms. Gatlin. Appellant signed the postal receipt for the letter and took possession of it.

Michael Beech testified that while he was working as a teller at the Bank of Belfast on June 13, 1997, Appellant came to the bank and opened a joint savings account in the names of Appellant and Ms. Gatlin. Appellant opened the account by depositing $8,000.00 from a check for $9,114.87 that was made out to Ms. Gatlin and appeared to be endorsed by both Ms. Gatlin and Appellant. Mr. Beech testified that Appellant took the remaining $1,114.87 in cash and left the bank. Mr. Beech also testified that Appellant came to the bank on June 16, 1997, and withdrew another $7,000.00 from the account.

Elaine Allen testified that while she was working as a teller at the Bank of Belfast on June 13, 1997, Appellant came into the bank at some time after 4:30 p.m. and withdrew $1,000.00 from the joint account.

## II. FAILURE TO DISMISS TWO COUNTS OF THEFT

Appellant contends that the trial court erred when it failed to dismiss two of the counts of theft. Specifically, Appellant argues that because the jury convicted him of the theft of $9,114.87 from Ms. Gatlin, "it is improper and unjust for him to also be convicted of theft from the Bank of Belfast."

Appellant's argument is inaccurate. The record indicates that Appellant was neither charged nor convicted of theft from Ms. Gatlin. Count Three of the indictment charges Appellant with the theft of $1,114.87 from the Bank of Belfast, Count Four charges Appellant with the theft of $1,000.00 from the Bank of Belfast, and Count Five charges Appellant with the theft of $7,000.00 from the Bank of Belfast. The jury convicted Appellant of these three counts. This issue has no merit.

## III. JURY INSTRUCTIONS

Appellant contends that the trial court erred when it failed to instruct the jury about the division of marital property under Tennessee Law. However, Appellant's counsel admitted at the hearing on the motion for a new trial that he had never requested any such instruction about marital property. Further, there is no indication in the record that Appellant ever objected to the jury charge as it was given. Thus, Appellant has waived this issue. See State v. Norris, 874 S.W.2d 590, 600 (Tenn. Crim. App. 1993) ("In the absence of an objection or a special request, a defendant may not later raise an issue regarding an omission in the court's charge."); State v. Foster, 755 S.W.2d 846, 848 (Tenn. Crim. App. 1988) ("Upon the failure of the trial court to properly charge the jury on [an] issue,

however, it becomes the responsibility of the defendant to submit a special request. His failure to do so constitutes a waiver of the issue.").[1]

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
DAVID H. WELLES, JUDGE

---

[1]Even if Appellant had requested such an instruction, he would not have been entitled to one. Division of marital property under Tennessee Code Annotated section 36-4-121 governs only the division of assets upon divorce, not the determination of property ownership between married persons. Tenn. Code Ann. § 36-4-121(b)(1)(D) (1996).