# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 10, 2004

## STATE OF TENNESSEE v. DANNY WAYNE ARNOLD

### Direct Appeal from the Circuit Court for Bedford County
### No. 15159    Lee Russell, Judge

### No. M2003-01127-CCA-R3-CD - Filed February 25, 2004

The defendant was convicted of robbery under a theory of criminal responsibility for the conduct of another. The defendant contends the evidence was insufficient to sustain his conviction. We conclude a reasonable jury could have inferred the defendant's intent to assist in the robbery based upon his contemporaneous assault on the victim. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Larry F. Wallace, Jr., Shelbyville, Tennessee, for the appellant, Danny Wayne Arnold.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The victim, Joseph Henley, testified that on May 13, 2002, he stopped at the Pantry, a convenience store; purchased a drink and a snack with a ten dollar bill; and received over $7.00 back from the clerk. He stated that according to the store clerk, the defendant had been in line behind him and as soon as the victim paid, the defendant ran out of the door after him without paying "for his stuff." The victim testified that after he returned to his car and shut the door, the defendant's brother jerked the car door open and began punching him in the face. The defendant's brother snatched the $7.00 out of his hand. The defendant "[i]mmediately" walked by the car and swung at him two or three times. "A couple of punches glanced off." The victim indicated that the blows of the defendant were "right on the heels" of the first attack by the defendant's brother.

According to the victim, the defendant and his brother retreated to their vehicle. The victim put his car in reverse in order to see the license plate of the vehicle the perpetrators were using. The two brothers then jumped out of their vehicle and stood in front of the license plate, gesturing and

uttering profanities towards the victim. The victim drove away, at which point the defendant and his brother left the scene in their vehicle.

The victim testified that he did not know the defendant or his brother by name although he had "seen them around." The victim was able to identify both the defendant and his brother as the perpetrators in a photographic array shown to him shortly after the robbery. He further identified the defendant in the courtroom as the second person who assaulted him.

Angel Buntley and Steve Whitley testified for the defense that they were in the car with the defendant and his brother at the Pantry. They testified that the defendant's brother got into a scuffle with a man because the man's vehicle almost hit their vehicle in the parking area. They stated the defendant was inside the store and was never involved in the scuffle.

The defendant testified that he knew the victim from "party[ing] together" on a New Year's night almost two years prior. He contended the victim owed his brother "some money on a bag of weed . . . a long time ago," although that had nothing to do with his brother's confrontation with the victim at the Pantry. He stated that he was inside the Pantry, noticed his brother scuffling with the victim outside, went outside, and got into his vehicle without taking any part in the affray.

The jury convicted the defendant of robbery based upon his criminal responsibility for the conduct of another.[1] This appeal ensued.

## SUFFICIENCY OF THE EVIDENCE

### A. Standard of Review

When an appellant challenges the sufficiency of the evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992); Tenn. R. App. P. 13(e). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003). This court will not reweigh the evidence, reevaluate the evidence, or substitute its evidentiary inferences for those reached by the jury. State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995). Furthermore, in a criminal trial, great weight is given to the result reached by the jury. State v. Johnson, 910 S.W.2d 897, 899 (Tenn. Crim. App. 1995).

Once approved by the trial court, a jury verdict accredits the witnesses presented by the state and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). The credibility of witnesses, the weight to be given their testimony, and the reconciliation of conflicts

---

[1]The defendant was also convicted by the jury of evading arrest relating to a separate incident. That conviction is not at issue in this appeal.

in the proof are matters entrusted exclusively to the jury as trier of fact.  State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).  A jury's guilty verdict removes the presumption of innocence enjoyed by the defendant at trial and raises a presumption of guilt.  State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).  The defendant then bears the burden of overcoming this presumption of guilt on appeal.  State v. Black, 815 S.W.2d 166, 175 (Tenn. 1991).

## B.  Criminal Responsibility for Robbery

The defendant was convicted based upon his criminal responsibility for the conduct of his brother.  Guilt based upon criminal responsibility is established when a person acts "with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, [and] the person solicits, directs, aids, or attempts to aid another person to commit the offense."  Tenn. Code Ann. § 39-11-402(2).  Criminal responsibility is not a separate or distinct crime.  State v. Lemacks, 996 S.W.2d 166, 170 (Tenn. 1999).  A defendant convicted on the theory of criminal responsibility is guilty in the same degree as the principal who committed the crime and is considered to be a principal offender.  *Id*. at 171.

To be criminally responsible for the acts of another, a defendant must "in some way associate himself with the venture, act with knowledge that an offense is to be committed, and share in the criminal intent of the principal in the first degree."  State v. Maxey, 898 S.W.2d 756, 757 (Tenn. Crim. App. 1994) (quoting Hembree v. State, 546 S.W.2d 235, 239 (Tenn. Crim. App. 1976)).  The requisite criminal intent may be inferred from the defendant's "presence, companionship, and conduct before and after the offense."  State v. McBee, 644 S.W.2d 425, 428-29 (Tenn. Crim. App. 1982).

## C.  Analysis

The defendant alleges the evidence was insufficient to convict him because the victim's testimony was that the defendant did not take any money from him, and there was no testimony that the defendant acted with the requisite intent to promote or assist the robbery.  We respectfully disagree.

Robbery is the "intentional or knowing theft of property from the person of another by violence or putting the person in fear."  Tenn. Code Ann. § 39-13-401(a).  Viewing the evidence in a light most favorable to the prosecution, the defendant's brother committed a robbery against the victim.  The evidence also indicates the defendant immediately followed the victim out of the store without paying for his merchandise.  The state's proof established money was taken from the victim by the violent assault of the defendant's brother, which occurred seconds before the defendant's own attack on the victim.  The victim testified that as soon as the brother stopped punching him, the defendant "immediately" assaulted him through the victim's open car window.  The state's proof established that the two defendants arrived together and left together. It was within the jury's prerogative to reject the testimony of the defendant and his witnesses.  Though the defendant denies personally taking the victim's property, the jury could have reasonably inferred, beyond a reasonable

doubt, the defendant assaulted the victim with his fist in order to aid or assist his brother in the commission of the robbery; thus, the evidence supports the jury's verdict of guilt for robbery.

We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE