STATE of Tennessee, Appellee,

v.

Gerald C. JOHNSON, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

May 17, 1995.

A.C. Wharton, Jr., Shelby County Public Defender, Walker Gwinn, Assistant Public Defender, Sherrye Brown, Assistant Public Defender (at trial), Memphis, for appellant.

Charles W. Burson, Attorney General & Reporter, Cecil H. Ross, Assistant Attorney General, Criminal Justice Division, Nashville, John W. Pierotti, District Attorney General, Jennifer S. Nichols and Amy Weirich, Asst. Dist. Attorneys General, Memphis, for appellee.

## OPINION

SUMMERS, Judge.

The Criminal Court at Shelby County entered judgment on a jury verdict finding appellant Gerald C. Johnson (defendant) guilty of especially aggravated robbery. Defendant appeals, challenging the sufficiency of the evidence and the appropriateness of the trial court's jury instruction on the offense of criminal responsibility for the conduct of another.

We affirm the judgment of the trial court.

The victim planned to ride with an acquaintance to California. They left Covington on April 24, 1992, and stopped in Memphis for the acquaintance to see his cousin. When he did not return, the victim exited the truck and walked around for approximately twenty minutes. The victim was grabbed from behind, shot in the back and robbed of jewelry and approximately $500 in cash. One piece of jewelry was a gold necklace with a ram's head pendant. The shooting left the victim paralyzed from the chest down.

The state's proof included the testimony of the victim, two police officers, an investigator and Christopher Palmer. The victim testified that he was grabbed from behind, heard a gun shot and felt himself falling toward the ground. He testified that he saw the defendant's face as he was falling. He identified the defendant in a photographic lineup and in court as the face that he saw. The defense asked the victim whether he saw the defendant with a gun. He answered that, although he had blood in his eyes, "[it] looked

like I did see a weapon." He testified that he thought that three or four people were involved in the robbery because of voices that he heard.

Billy Garrett of the Memphis Police Department testified that he interviewed the defendant during the investigation of the robbery. Garrett testified that the defendant denied participating in the robbery but admitted that he was present at the scene. The defendant said that Christopher Palmer approached the victim and that a shot was fired. The defendant identified the jewelry in detail and described the gun that was used to shoot the victim. The defendant further stated that when Palmer offered him some of the jewelry he refused and later told Palmer to get rid of it. Palmer was a minor at the time of the robbery.

Sergeant C.L. Engstrom of the Memphis Police Department testified that he received anonymous information that Palmer was involved in the robbery. He testified that he interviewed Palmer at Juvenile Court. Palmer had been arrested on unrelated charges and a gold necklace with a ram's head pendant was tagged as property in his possession. Palmer told Engstrom that the defendant shot the victim and that "they" ran from the location after the shooting. Palmer told Engstrom that Johnson gave him the necklace. Engstrom testified that the victim, while still in the hospital, identified the defendant in a photographic lineup as the person that shot him and took his jewelry.

At trial, Palmer testified that he shot and robbed the victim and fled from the scene. He said that he used his own gun to shoot the victim. He testified that he told the assistant district attorney on the Friday before trial that the defendant shot the victim. He also testified that he was in a cell with the defendant for an hour prior to trial. He testified that he either did not remember what he told Engstrom or that he lied to him.

Cheryl Hays, an investigator with the District Attorney's office, testified that she witnessed an interview between the assistant district attorney general and Palmer. She testified that Palmer said that the defendant shot the victim and then gave him the necklace to wear to a school dance.

## SUFFICIENCY OF THE EVIDENCE

 The defendant contends that the evidence fails to identify him as the perpetrator of the offense because no one saw him shoot or rob the victim or aid anyone else in doing so. In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn. 1983). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

 Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *State v. Duncan,* 698 S.W.2d 63, 67 (Tenn. 1985); T.R.A.P. 13(e). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield,* 676 S.W.2d 542, 547 (Tenn.1984); *Byrge v. State,* 575 S.W.2d 292, 295 (Tenn.Crim.App.1978).

The evidence is sufficient to sustain the defendant's conviction. The defendant was present at the scene of the offense; the victim identified the defendant as the face that he saw when he was falling to the ground. The victim thought he saw a weapon in the defendant's hand. Hays testified

that Palmer said that the defendant shot the victim and gave him the jewelry. This evidence is sufficient evidence from which the jury could have identified the defendant as the perpetrator of the crime beyond a reasonable doubt.

## JURY INSTRUCTION

■■■ The defendant contends that the court erred by instructing the jury on the issue of responsibility for the criminal conduct of another because there is no evidence to support it. A person is criminally responsible for the conduct of another if acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids or attempts to aid another person to commit the offense. T.C.A. § 39–11–402(2) (1991). A person acts intentionally with respect to the nature of the conduct or to a result of conduct when it is a person's conscious objective or desire to engage in the conduct or cause the result. T.C.A. § 39–11–302(a) (1991). It is necessary that the defendant "in some way associate himself with the venture, act with knowledge that an offense is to be committed, and share in the criminal intent of the principal in the first degree." *Hembree v. State,* 546 S.W.2d 235, 239 (Tenn. Crim.App.1976). The defendant must "knowingly, voluntarily and with common intent unite with the principal offenders in the commission of the crime." *State v. Foster,* 755 S.W.2d 846, 848 (Tenn.Crim.App.1988). Presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. *State v. McBee,* 644 S.W.2d 425, 428–29 (Tenn.Crim.App.1982).

Responsibility for the criminal conduct of another was fairly raised by the proof and therefore the court's instructions were proper. *See State v. Lequire,* 634 S.W.2d 608, 615 (Tenn.Crim.App.1981). There is evidence from which the jury could have concluded that the defendant and Palmer were present at the scene of the offense. The victim testified that he heard voices behind him and that he saw the defendant's face as he was falling.

Garrett testified that the defendant said that he saw Palmer shoot the victim, that Palmer offered him jewelry, that he refused it and that he told Palmer to get rid of it. There is also evidence that the defendant fled from the scene and was able to give a detailed description of the jewelry. These are factors from which the jury could have concluded that the defendant acted with the intent to promote or assist in the commission of the offense or to benefit in the proceeds and that he solicited, directed, aided or attempted to aid Palmer to commit the offense.

■■■ The defendant also argues that the jury instruction on criminal responsibility for the conduct of another is erroneous because the indictment did not charge the defendant with responsibility for the criminal conduct of another. This issue is without merit. A person charged with responsibility for the acts of another is deemed a principal. *See Id.* at 614–15. "When the evidence shows an accused aided and abetted another in the commission of a crime, he is a principal offender and a charge in the indictment against him as a principal carries with it all the nuances of the offense." *Id.* at 615. The indictment provided adequate notice of the charge to the defendant.

AFFIRMED.

PEAY, and HAYES, JJ., concur.