IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY SESSION, 1997

FILED

July 11, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9605-CC-00198 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | BEDFORD COUNTY |
| VS. | ) | |
| | ) | HON. WILLIAM CHARLES LEE |
| TERRY WAYNE FARRAR, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal) |

FOR THE APPELLANT:

ANDREW JACKSON DEARING, III
117 South Main Street
Suite 101
Shelbyville, TN 37160

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

SARAH M. BRANCH
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

MIKE MCCOWN
District Attorney General

ROBERT C. CRIGLER
CHARLES CRAWFORD
Assistant District Attorney
Bedford County Courthouse
Shelbyville, TN 37160

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

A Bedford County Criminal Court jury convicted Appellant Terry Wayne Farrar of failure to appear and theft of property valued at more than $500 but less than $1,000. As a Range II multiple offender, Appellant received consecutive sentences of three years and eight months for the theft conviction and three years and ten months for the failure to appear conviction. In this direct appeal, Appellant presents the following issue for review: whether the evidence presented at trial is legally sufficient to sustain a conviction for theft of property valued at more than $500.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

As accredited by the jury's verdict, the record reflects that at approximately 4:37 p.m. on October 11, 1994, Marjorie Jane Parker and her son, Dustin, had just finished shopping at Wal-Mart and were on their way to Sonic to buy something to eat for dinner. As Mrs. Parker exited the parking lot of Wal-Mart, she saw Appellant and Greg Greer enter the parking lot. Although Mrs. Parker was not acquainted with the passenger, Mr. Greer, she recognized Appellant as he drove past. Furthermore, Mrs. Parker noticed that nothing appeared to be in the vehicle and that the trunk of the car was closed.

Shortly after Mrs. Parker purchased food from Sonic, her attention was drawn to Appellant's car as it came "zooming" out of the Wal-Mart parking lot. At this time, Mrs. Parker saw a lawn mower and a weed eater in the open trunk of the vehicle. As she drove past the vehicle, Mrs. Parker further discovered that another

weedeater was inside the car between Appellant and Mr. Greer. As a result, Mrs. Parker became suspicious and made a phone call to the Sheriff's Department.

After informing Chief Deputy Dale Elliot of her suspicion, Mrs. Parker proceeded to Appellant's residence on Fay Creek Road. As she slowly drove past Appellant's residence, she saw both Appellant and Mr. Greer standing outside of the vehicle. She also saw that the trunk of the car was empty and that both the lawn mower and weedeater were on the ground.

Pursuant to Mrs. Parker's phone call, Chief Deputy Elliot drove to Appellant's residence on Fay Creek Road to investigate. However, prior to his arrival, he passed a car that fit the description which Mrs. Parker had given him over the phone. Consequently, Chief Deputy Elliot turned his vehicle around and followed Appellant's vehicle. As Appellant turned into a private driveway, Chief Deputy Elliot turned on his blue lights. At that time, Appellant got out of the car, and Chief Deputy Elliot informed him why he was stopped and read him his rights.

Chief Deputy Elliot asked Appellant about the merchandise in an effort to locate it. In response, Appellant opened the trunk of his car and showed Chief Deputy Elliot the two weedeaters. Appellant further indicated that the lawn mower was at the Fay Creek Road residence. Appellant then directed Chief Deputy Elliot to the location of the lawn mower. Thereafter, Appellant and Mr. Greer were escorted down to the Sheriff's Department and arrested for theft of property in violation of Tennessee Code Annotated Section 39-14-103. Appellant was tried before a jury in the Bedford County Criminal Court. At trial, Appellant alleged that he did not have the knowledge required to be convicted of this theft and that there was insufficient evidence showing that the value of the merchandise was greater than $500.

At the conclusion of the trial, the jury found Appellant guilty of theft of property and failure to appear. On November 20, 1995, the trial court imposed a sentence of three years and eight months for the theft conviction and three years and ten months for the failure to appear conviction. Appellant appeals the theft of property conviction.

## II. SUFFICIENCY OF THE EVIDENCE

Appellant alleges that the evidence presented at trial is legally insufficient to sustain a conviction for theft of property. When an appeal challenges the sufficiency of the evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992); Tenn. R. App. P. 13(e). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This Court will not reweigh the evidence, re-evaluate the evidence, or substitute its evidentiary inferences for those reached by the jury. State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995). Furthermore, in a criminal trial, great weight is given to the result reached by the jury. State v. Johnson, 910 S.W.2d 897, 899 (Tenn. Crim. App. 1995).

Once approved by the trial court, a jury verdict accredits the witnesses presented by the State and resolves all conflicts in favor of the State. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). The credibility of witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are

matters entrusted exclusively to the jury as trier of fact.  State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984).  A jury's guilty verdict removes the presumption of innocence enjoyed by the defendant at trial and raises a presumption of guilt.  State v. Tuggle, 639 S.W.2d 913, 194 (Tenn. 1982).  The defendant then bears the burden of overcoming this presumption of guilt on appeal.  State v. Black, 815 S.W.2d 166, 175 (Tenn. 1991).

In order to sustain a conviction for theft of property in this case, the evidence must show that Appellant knowingly obtained or controlled the property without the owner's effective consent.  See Tenn. Code Ann. § 39-14-103.  Tennessee Code Annotated Section 39-11-302(b) provides the following with respect to the mental element of "knowing":

> "Knowing" refers to a person who acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist.  A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

Appellant argues that he did not possess the required knowledge to be convicted of this theft.  The record reveals that, while at Wal-Mart, Mr. Greer was the individual who stole the items contained in the indictment.  Furthermore, Mr. Greer testified that Appellant returned to the car after exiting Wal-Mart and had no idea that the property had been stolen.

Although there is conflicting testimony as to whether Appellant actually knew that Mr. Greer was going to commit a theft at Wal-Mart, the record reflects that Mr. Greer informed Appellant that the merchandise was stolen shortly after they left Wal-Mart.  Notwithstanding Appellant's protest to Mr. Greer's actions, Appellant continued to drive the vehicle away from the scene and to other parts of the county.

Furthermore, Appellant's awareness of the theft is supported by the fact that he told Chief Deputy Elliot that he was trying to help Mr. Greer "get the stuff at Wal-Mart and was going to help him get rid of it." Thus, when viewed in a light most favorable to the State, we find that the evidence presented at trial was sufficient to support Appellant's conviction for theft.

Appellant further argues that there is insufficient evidence to prove beyond a reasonable doubt that the value of the property was greater than $500. Appellant's father testified that he purchased the exact same merchandise at Wal-Mart for approximately $384. However, the store manager at Wal-Mart testified that the merchandise cost approximately $504 on the day of the theft. The reconciliation of conflicts in the proof are matters entrusted exclusively to the jury as trier of fact. Sheffield, 676 S.W.2d at 547. Here, the jury apparently chose to believe the store manager regarding the value of the stolen property. We will not disturb the factual findings of the jury.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
JOE G. RILEY, JUDGE

-6-