# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1996

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9602-CC-00053 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | MADISON COUNTY |
| VS. | ) | |
| | ) | HON. JOHN FRANKLIN MURCHISON |
| WILLIAM HERBERT STITTS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal) |

FILED

August 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

THOMAS T. WOODALL
203 Murrell Street
Dickson, TN  37056-1075

GEORGE MORTON GOOGE
District Public Defender
227 West Baltimore Street
Jackson, TN  38301

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

JERRY WOODALL
District Attorney General

DON ALLEN
Assistant District Attorney
P. O. Box 2825
Jackson, TN  38301

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

A Madison County Circuit Court jury found Appellant William Herbert Stitts guilty of aggravated robbery. As a Range I standard offender, he received a sentence of twelve years in the Tennessee Department of Correction. The trial court ordered the sentence served concurrent with another Madison County sentence for aggravated robbery but consecutive to a Georgia sentence for theft by deception and false report of a crime. Both Appellant and the State have appealed as of right. Appellant presents the following issues: (1) whether the evidence presented at trial is sufficient as a matter of law to sustain a conviction for aggravated robbery; and (2) whether the length of the sentence is excessive. Additionally, the State presents the following issue: whether the trial court erred in failing to order the sentence served consecutive to the other Madison County aggravated robbery sentence.

After a review of the record, we affirm judgment of the trial court.

## I. FACTUAL BACKGROUND

As accredited by the jury's verdict, the proof shows that, at approximately 6:30 a.m. on December 24, 1992, roughly five hours after committing another aggravated robbery, Appellant entered Ideal Cleaners in Jackson, approached the sole employee Diane Carter, and mumbled "give me the money." When Ms. Carter attempted to clarify what was said, Appellant struck her on the head with a hard object wrapped in a cloth. Appellant then pulled Ms. Carter out of her chair by her hair, struck her on the head again, and forced her to open the cash register. Once he had taken the cash from the register and the bank deposit bag, totaling approximately $600.00, Appellant struck Ms. Carter on the head one final time and left.

On March 1, 1993, the Madison County Grand Jury indicted Appellant for aggravated robbery in violation of Tennessee Code Annotated Section 39-13-402. On October 3, 1994, Appellant was tried before a jury in the Madison County Circuit Court. At the conclusion of the trial, the jury found him guilty of the offense as charged in the indictment.

At the original sentencing hearing on November 15, 1994, the trial court found Appellant to be a Range II multiple offender and imposed a sentence of twenty years. However, on September 22, 1995, the trial court resentenced Appellant as a Range I standard offender to twelve years. The trial court ordered the sentence served concurrent with another Madison County sentence for aggravated robbery but consecutive to a Georgia sentence for theft by deception and false report of a crime.

## II. SUFFICIENCY OF THE EVIDENCE

Appellant alleges that the evidence presented at trial is insufficient as a matter of law to sustain a conviction for aggravated robbery. Specifically, he argues that the State failed to establish that the weapon used during the robbery was a rock, as set out in the indictment.

When an appeal challenges the sufficiency of the evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992); Tenn. R. App. P. 13(e). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This Court will not reweigh the evidence, re-evaluate the evidence, or

substitute its evidentiary inferences for those reached by the jury. State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995). Furthermore, in a criminal trial, great weight is given to the result reached by the jury. State v. Johnson, 910 S.W.2d 897, 899 (Tenn. Crim. App. 1995).

Once approved by the trial court, a jury verdict accredits the witnesses presented by the State and resolves all conflicts in favor of the State. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). The credibility of witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted exclusively to the jury as trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984). A jury's guilty verdict removes the presumption of innocence enjoyed by the defendant at trial and raises a presumption of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant then bears the burden of overcoming this presumption of guilt on appeal. State v. Black, 815 S.W.2d 166, 175 (Tenn. 1991).

In order to sustain a conviction for aggravated robbery in this case, the evidence must show that Appellant intentionally or knowingly took property from Ms. Carter by violence and that this taking was accomplished with a deadly weapon. See Tenn. Code Ann. §§ 40-13-401(a), 40-13-402(a)(1). The indictment alleges that the robbery was "accomplished with a deadly weapon, to-wit: a rock, a more particular description to the Grand Jurors aforesaid is unknown." Appellant neither contests that property was taken by violence nor that the object used to bludgeon Ms. Carter constitutes a deadly weapon but instead contends only that the State failed to establish the exact nature of the object -- that it was in fact a rock. At trial, Ms. Carter testified that, during the robbery, Appellant struck her on the head a total of three times with what in her estimation was a rock. She suffered a concussion as a result of the attack. During cross-examination, Ms. Carter conceded that the object was wrapped in a cloth throughout the robbery but opined that it was a rock of some kind based upon the

impact of the blows and the fact that a rock matching the approximate size and shape of the object was found outside the cleaners following the robbery. Even assuming that the exact nature of the object is material, we believe that Ms. Carter's testimony constitutes sufficient circumstantial evidence to support the jury's conclusion that Appellant attacked her with a rock of some kind. Thus, we find that, when viewed in a light most favorable to the State, the foregoing evidence is legally sufficient to sustain Appellant's conviction for aggravated robbery.

### III. SENTENCING

Both parties allege that the sentence is erroneous. Specifically, Appellant argues that the length of the sentence is excessive, while the State argues that the trial court erred in failing to order the sentence served consecutive to the other Madison County sentence.

When an appeal challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo. Id. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860

S.W.2d 53, 60 (Tenn. Crim. App. 1993). The appealing party bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

We note initially that, because the record demonstrates that the trial court adequately considered the sentencing principles and all relevant facts and circumstances, our review of Appellant's sentence will be de novo with a presumption of correctness.

Appellant was convicted of aggravated robbery, a Class B felony. See Tenn. Code Ann. § 39-13-402(b). As a Range I standard offender convicted of a Class B felony, Appellant's statutory sentencing range was eight to twelve years. See id. § 40-35-112(a)(2). The trial court found the following applicable enhancement factors:

(1) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

(2) the felony resulted in death or bodily injury; and

(3) the felony was committed while Appellant was on probation.

Id. § 40-35-114(1), (11), (13)(C). The trial court found no applicable mitigating factors. Based on the foregoing, the trial court imposed a maximum sentence of twelve years, ordering the sentence served concurrent with another Madison County sentence but consecutive to a Georgia sentence. We will address the sentencing arguments of both parties in turn.

**A. LENGTH OF SENTENCE**

First, Appellant argues that the length of his sentence is excessive. To support this argument, Appellant relies exclusively on the following sentencing considerations: "[t]he sentence imposed should be no greater than that deserved for the offense

-6-

committed" and "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4).

In the absence of enhancement and mitigating factors, the presumptive length of sentence for a Class B, C, D, and E felony is the minimum sentence in the statutory range while the presumptive length of sentence for a Class A felony is the midpoint in the statutory range. Tenn. Code Ann. § 40-35-210(c). Where one or more enhancement factors apply but no mitigating factors exist, the trial court may sentence above the presumptive sentence but still within the range. Id. § 40-35-210(d). Where both enhancement and mitigating factors apply, the trial court must start at the minimum sentence, enhance the sentence within the range as appropriate to the enhancement factors, and then reduce the sentence within the range as appropriate to the mitigating factors. Id. § 40-35-210(e). The weight afforded an enhancement or mitigating factor is left to the discretion of the trial court so long as the trial court complies with the purposes and principles of the Tennessee Criminal Sentencing Reform Act of 1989 and its findings are supported by the record. State v. Hayes, 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995).

In light of three applicable and uncontested enhancement factors coupled with the lack of any applicable mitigating factors, we find that the trial court was within its discretion in imposing a maximum sentence of twelve years and that such a sentence complies with the sentencing considerations set out in Section 40-35-103.

## B. CONSECUTIVE SENTENCING

The State argues that the trial court erred in failing to order the sentence served consecutive to the other Madison County aggravated robbery sentence. The State maintains that consecutive sentencing is appropriate both because Appellant is a

dangerous offender as anticipated by Tennessee Code Annotated Section 40-35-115(4) and because Appellant was on probation at the time of the robbery as provided for by Tennessee Code Annotated Section 40-35-115(6).

When imposing sentences for multiple offenses, the trial court has the discretion to order the sentences served concurrently or consecutively. Tenn. Code Ann. § 40-20-111(a). The imposition of consecutive sentences is appropriate if the defendant has been convicted of more than one offense and the trial court finds, by a preponderance of the evidence, one or more of the following criteria:

> (1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
> (2) The defendant is an offender whose record of criminal activity is extensive;
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

> (6) The defendant is sentenced for an offense committed while on probation; or
> (7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

At the original sentencing hearing, the trial court determined that Appellant's sentence should run concurrent with his other aggravated robbery sentence, stating as follows:

> Under the circumstances of the case, I don't think that consecutive sentences on these two robberies are appropriate. I am not going to impose consecutive sentences. I don't think that would be appropriate, and I won't go into all the details about that, but the different crimes were not separated by any apprehension of the defendant or anything like that.

At resentencing, the trial court emphasized that it was not imposing consecutive sentences primarily because the two offenses occurred so close together in time. Even though it is undisputed that the trial court could have imposed consecutive sentences pursuant to subsection (4) or subsection (6) of Section 40-35-115, there is no requirement that it do so; the Tennessee General Assembly has determined that such a decision rests within the sound discretion of the trial court. See Tenn. Code Ann. §§ 40-20-111(a), 40-35-115 sentencing commission comments. Given that we must presume the sentencing determination of the trial court is correct, we find no abuse of that discretion even though we might have preferred a different result. See Fletcher, 805 S.W.2d at 789.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
DAVID H. WELLES, JUDGE