# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1998 SESSION



**FILED**

October 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9801-CC-00029 |
| Appellee, | ) | |
| | ) | CARROLL COUNTY |
| VS. | ) | |
| | ) | HON. C. CREED McGINLEY, |
| KENNETH WAYNE NESBITT, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sale of Cocaine) |

**FOR THE APPELLANT:**

**STEVEN L. WEST**
5 Broadway
P.O. Box 400
McKenzie, TN  38201

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DOUGLAS D. HIMES**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**G. ROBERT RADFORD**
District Attorney General

**ELEANOR CAHILL**
Assistant District Attorney General
P.O. Box 686
Huntingdon, TN  38344

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

Defendant was found guilty by a Carroll County jury of two counts of selling cocaine under 0.5 grams, Class C felonies. The trial court sentenced defendant to Range II sentences of eight years on each count and ordered them served concurrently. On appeal, the defendant contends that:

(1)    the trial court erred in refusing to grant an acquittal due to insufficient evidence; and

(2)    the state failed to establish the requisite chain of custody in order to properly admit the cocaine into evidence.

This Court finds no reversible error and affirms the trial court's judgment.

## FACTS

On January 7, 1997, undercover operative Sylvester Island made two controlled drug buys involving target suspects other than defendant. Prior to making each buy, Island met with officer Steve Lee at the airport. Lee searched Island and his car, placed a "wire" on Island, and gave him "buy money." Lee monitored the transactions and, after each, would meet Island at the airport again to receive and seal the drugs for analysis. Island was paid for making each buy.

In two separate transactions occurring on this date, Island gave the buy money to the target; the target approached the driver of a white Nissan automobile; and the money was given to the driver in exchange for a packet of cocaine. The target then got into the Nissan, circled the block, and upon return delivered the packet of cocaine to Island who subsequently delivered it to Lee.

Island testified that the packets he saw transferred from the driver of the Nissan to the targets were the same packets he received and delivered to Lee. Lee's testimony established that the Nissan was registered to defendant. Lee and Island both identified the defendant as the driver of the Nissan.

## SUFFICIENCY OF THE EVIDENCE

2

When sufficiency of the evidence is challenged, the standard of review is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992); Tenn. R. App. P. 13(e). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This Court will not reweigh the evidence, reevaluate the evidence, nor substitute its evidentiary inferences for those reached by the jury. State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995). Furthermore, in a criminal trial, great weight is given to the result reached by the jury. State v. Johnson, 910 S.W.2d 897, 899 (Tenn. Crim. App. 1995).

Defendant contends the state failed to meet its burden of proof by failing to show any "transfer." He emphasizes that the target suspects, to whom the drugs were originally transferred, did not testify.

On appeal, the defendant claims that because he and the targets were left alone for a period of time, out of sight and hearing of Island and Lee, "[a]ny rational trier of fact should easily deduce that it would be extremely easy for these 'target suspects' to have supplied the cocaine which was later turned over to Mr. Lee." According to the defendant, this necessarily raises a reasonable doubt as to the supplier of the drugs, which no rational trier of fact could overcome in reaching its verdict.

Viewing the evidence in the light most favorable to the prosecution and giving proper weight to the result reached by the jury, we find sufficient evidence upon which a rational trier of fact could find the defendant guilty of the charged offenses.

This issue is without merit.


## CHAIN OF CUSTODY

3

Defendant challenges the chain of custody of the drugs. In order to admit physical evidence, the party offering the evidence must "either introduce a witness who is able to identify the evidence or must establish an unbroken chain of custody." State v. Holloman, 835 S.W.2d 42, 46 (Tenn. Crim. App. 1992)(emphasis added). Whether the required chain of custody has been sufficiently established to justify the admission of evidence is a matter committed to the sound discretion of the trial court, and the court's determination will not be overturned in the absence of a clearly mistaken exercise of that discretion. Id. The identity of tangible evidence need not be proven beyond all possibility of doubt, and all possibility of tampering need not be excluded. The circumstances must establish a reasonable assurance of the identity of the evidence. State v. Kilburn, 782 S.W.2d 199, 203 (Tenn. Crim. App. 1989).

In assigning error, the defendant again points to the time period during which the targets and defendant were outside Island and Lee's direct observation and the state's failure to call the target suspects as witnesses. He argues that because of these lapses, the state failed to establish the requisite chain of custody necessary to admit the drugs into evidence. Defendant's reliance on this principle is misguided.

The state is required to introduce a witness who can identify the evidence to be admitted. Island testified that the packets of drugs supplied to the target suspects by defendant were the same packets given to him and that he subsequently delivered them to Lee. Lee then transported the drugs to the crime laboratory and picked the drugs up after analysis.

Having supplied the necessary witness, any questions as to the identity of the drugs, the credibility of the witness' testimony, and whether defendant sold the cocaine which was delivered to Island, were within the purview of the jury to decide. The fact that the targets and the suspect were out of sight for a period of time goes to the weight and credibility, not the admissibility of the evidence.

This issue is without merit.

4

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**DAVID H. WELLES, JUDGE**