# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1999 SESSION



FILED

January 22, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9803-CR-00091 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH B. DAILEY, |
| POASO PITTS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Attempted First Degree Murder) |

**FOR THE APPELLANT:**

**A.C. WHARTON, JR.**
Shelby County Public Defender

**WALKER GWINN** (on appeal)
Assistant Public Defender

**DIANNE M. THACKERY** (at trial)
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN  38103-1947

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**DAVID C. HENRY**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN  38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

A Shelby County jury found defendant, Poaso Pitts,[1] guilty of one count of attempted first degree murder against Ricky Green and one count of aggravated assault against Clifford Roy. The trial court sentenced defendant to concurrent Range I sentences of twenty-three years and three years, respectively. In this appeal as of right, defendant contends there was insufficient evidence of premeditation upon which to base the conviction of attempted first degree murder. We disagree and AFFIRM the judgment of the trial court.

**FACTS**

On April 23, 1996, defendant was at the home of Ricky Green. An argument ensued and Green ordered defendant to leave. Defendant left amidst threats that he would kill Green.

Approximately thirty minutes later, defendant returned. He burst into the trailer, pushed Green, and pointed a loaded pistol at him. Green "broke and run (sic)" and hid behind a nearby chair. Green's guest, Clifford Roy, also ran when he caught sight of the pistol, and heard multiple shots fired.

Green testified there were three bullet holes in the chair behind which he hid, and one in the ceiling. Officer Marlon Evans testified he found one bullet hole in the chair and one in the ceiling.

The defense offered no proof.

**SUFFICIENCY OF THE EVIDENCE**

Defendant claims insufficient evidence of premeditation as required for a finding of guilt on the attempted first degree murder charge. In support of this claim he asserts that there was no evidence to show his mind was "so far free from excitement and passion as to be capable of premeditation."

When sufficiency of the evidence is challenged, the standard of review is

---

[1]Defendant was indicted under the name "Poaso Pitts." The record also reflects the names "Elpaso Pitts" and "El Paso Pitts" at various places.

whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992); Tenn. R. App. P. 13(e). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This court will not reweigh or reevaluate the evidence, nor substitute its evidentiary inferences for those reached by the jury. State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995). Furthermore, in a criminal trial, great weight is given to the result reached by the jury. State v. Johnson, 910 S.W.2d 897, 899 (Tenn. Crim. App. 1995).

Under Tennessee law applicable at the time of this offense,

A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense: . . .[a]cts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

Tenn. Code Ann. § 39-12-101(a)(3).

The 1995 amendment to the Tennessee Code provides the applicable definition of first degree murder as, "[a] premeditated and intentional killing of another." Tenn. Code Ann. § 39-13-202(a)(1). Premeditation is defined as "an act done after the exercise of reflection and judgment. . .[meaning] that the intent to kill must have been formed prior to the act itself." Tenn. Code Ann. § 39-13-202(d). It also requires that the accused be "sufficiently free from excitement and passion as to be capable of premeditation." *Id.*

The existence of premeditation is a jury question and may be inferred from the manner and circumstances of the event. State v. Bland, 958 S.W.2d 651, 660 (Tenn. 1997)(citations omitted). However, use of a deadly weapon upon an unarmed victim and defendant's declarations of his intent to kill may provide evidence of premeditation. *Id.*

Viewing the evidence in the light most favorable to the state, the defendant has not overcome the presumption of guilt created by the jury's verdict. The

evidence was sufficient for a rational trier of fact to find that defendant displayed a premeditated intent to kill Green and attempted to do so. Defendant argued with Green and then threatened to kill him when ordered to leave the premises. Thirty minutes passed and defendant returned to Green's home with a loaded pistol. He then tried to carry out his threats by firing the pistol in Green's direction at close range, as evidenced by the fact that at least one bullet went into the chair behind which Green was hiding.

This issue is without merit.

### CONCLUSION

Based upon the foregoing, the judgment of the trial court is AFFIRMED.


_____
**JOE G. RILEY, JUDGE**



**CONCUR:**


_____
**DAVID G. HAYES, JUDGE**


_____
**JOHN EVERETT WILLIAMS, JUDGE**