IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## BYRON EDWARDS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4344    Lynn W. Brown, Judge**

---

**No. E2004-00918-CCA-R3-HC - Filed December 20, 2004**

---

The petitioner, Byron Edwards, appeals the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition fails to establish either a void judgment or an expired sentence. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON AND JAMES CURWOOD WITT, JR., JJ., joined.

Byron Edwards, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The petitioner was convicted in April 1998 of aggravated robbery and sentenced to thirty years as a career offender. On direct appeal, the judgment of the trial court was affirmed. See State v. Byron M. Edwards, No. 03C01-9812-CC-00436 (Tenn. Crim. App., Feb. 2, 2000), app. denied (Tenn. Oct. 9, 2000).

On February 23, 2004, the petitioner filed a petition for writ of habeas corpus. He argued that there was insufficient evidence to support his conviction for aggravated robbery because no evidence was presented that he personally, as opposed to his co-defendant, took anything from the victim. He further claimed that this lack of proof resulted in a "fatal material variance" between the indictment and the proof at trial which the petitioner alleges rendered the indictment void. The trial court denied relief, finding that the petition established neither a void conviction nor an expired sentence. Before this court, the petitioner asserts that the trial court "denied his petition because [the petitioner]

cannot utilize habeas corpus under the present circumstances." He further asserts that the "appellate courts" of this state have unconstitutionally suspended the writ.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W. 2d 855, 857 (Tenn. Crim. App. 1998); Tenn. Code Ann. §29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W. 2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W. 2d 290, 291-92 (1964). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. Tenn. Code Ann. § 29-21-109.

This court concludes that the petitioner has not presented a cognizable claim for habeas corpus relief. Clearly, his thirty-year sentence has not expired. Neither does the petition establish a void judgment, "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). The petitioner's claim of insufficient evidence, if proven, would render his conviction voidable rather than void. The "authorized avenue for attacking a voidable judgment is a petition for post-conviction relief." State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987). Tennessee Code Annotated Section 40-30-102 (a) provides that a person must petition for post-conviction relief within one year of the date on which the judgment became final or consideration of the petition will be time-barred. In this case, however, the one-year limitations period for pursuing post-conviction relief has expired. The petitioner further contends for the first time that the indictment is also invalid because it did not provide him with adequate notice that he could be held criminally responsible for the conduct of another. Nonetheless addressing the petitioner's argument, the court concludes that it is without merit. As the state correctly notes, this court has repeatedly held that an indictment that charges a defendant with the principle offense is sufficient to place the defendant on notice that he may be held criminally responsible for the conduct of another. See State v. Johnson, 910 S.W. 2d 897, 900 (Tenn. Crim. App. 1995); State v. Lequire, 634 S. W. 2d 608, 615 (Tenn. Crim. App. 1981).

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief based on a void judgment. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed

in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

NORMA MCGEE OGLE, JUDGE