IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2003

## STATE OF TENNESSEE v. JOHNNY KEY

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 01-03107, 01-12746     Bernie Weinman, Judge**

---

**No. W2002-03018-CCA-R3-CD  - Filed November 7, 2003**

---

The defendant was found guilty of aggravated assault and of being a felon in possession of a handgun.  He contends on appeal that the evidence was insufficient to support the conviction for aggravated assault.  After viewing the evidence in the light most favorable to the State, we conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Robert Wilson Jones, District Public Defender; Mary Kathryn Kent and Garland Ergüden, Assistant District Public Defenders, for the appellant, Johnny Key.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; and William L. Gibbons, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Johnny Key, was convicted of aggravated assault (a Class C felony) and of being a felon in possession of a handgun (a Class E felony).  He was sentenced to six years on the aggravated assault conviction and two years on the felon in possession of a handgun conviction, to be served concurrently in the Tennessee Department of Correction.  This appeal timely followed. He contends on appeal that the evidence was insufficient to support the conviction for aggravated assault, but does not contest the other conviction.  We affirm the judgments of the trial court.

**Facts**

Upon arriving home from work one evening, the victim, Peggy Todd, found the defendant and her cousin, Marquel Clark, watching television in her daughter's bedroom. She asked Clark to walk to the babysitter's house across the street and pick up her child. Clark left, and the defendant came into the living room and sat down. Clark returned with the child approximately five minutes later and returned to the bedroom to watch television.

The defendant became upset with the victim when she commented that he resembled his sister. The defendant pulled out a gun and grabbed her by the neck. She was holding her infant child at the time. While still holding the victim by the neck, he pointed the gun at her and her child, and they walked into the bedroom. The victim testified that she was in fear for her life. Clark tried to calm the defendant. However, the defendant pointed the gun at Clark and fired. The bullet went through the wall and into the kitchen, missing Clark. The defendant pointed the gun at Clark again. Eventually, the defendant surrendered his gun to Clark.

The police arrived a few minutes later, and the defendant ran. Officer Ellason Flagg chased the defendant on foot and apprehended him a short time later. Officer Flagg saw the defendant drop a gun before she caught him. Upon returning to the victim's house, Officer Flagg found a spent casing in the bedroom and a bullet hole in the wall.

The defendant testified that he never pointed the gun at anyone. He denied that he grabbed the victim by the neck. He stated that he does not know how the gun was discharged. The defendant said that he saw the gun on the floor in the bedroom and picked it up with the intention of returning it to the rightful owner (Clark's brother). The defendant testified that he left the house with the gun. He ran when he saw the police because he had just been released from jail.

The jury found the defendant guilty on both charges. This appeal timely followed. He now appeals only the conviction for aggravated assault.

**Analysis**

The defendant contends on appeal that the evidence was insufficient to support the conviction for aggravated assault. When a defendant challenges the sufficiency of the evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003). This Court will not re-weigh the evidence, reevaluate the evidence, or substitute its evidentiary inferences for those reached by the jury. State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995). Furthermore, in a criminal trial, great weight is given to the result reached by the jury. State v. Johnson, 910 S.W.2d 897, 899 (Tenn. Crim. App. 1995).

Once approved by the trial court, a jury verdict accredits the witnesses presented by the State and resolves all conflicts in favor of the State. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). The credibility of witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted exclusively to the jury as trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). A jury's guilty verdict removes the presumption of innocence enjoyed by the defendant at trial and raises a presumption of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant then bears the burden of overcoming this presumption of guilt on appeal. State v. Black, 815 S.W.2d 166, 175 (Tenn. 1991).

In support of his argument, the defendant denies physically assaulting the victim. The defendant also argues that Clark was not in fear of the defendant and that the discharge of the gun was accidental. In order to be convicted of aggravated assault, the evidence must establish that the defendant intentionally or knowingly committed an assault, as defined in Tennessee Code Annotated section 39-13-101, and either caused serious bodily injury to another or used or displayed a deadly weapon. Tenn. Code Ann. § 39-13-102(a)(1)(A)-(B). An assault may be committed, among other ways, when the defendant "[i]ntentionally or knowingly causes another to reasonably fear imminent bodily injury." Id. at -101(a)(2). One acts intentionally "with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire to engage in the conduct or cause the result." Id. at -11-302(a). A person acts knowingly when, with respect to a result of the person's conduct, "the person is aware that the conduct is reasonably certain to cause the result." Id. at (b).

It was not necessary for the defendant to physically assault the victim for the jury to find him guilty of aggravated assault. It was only necessary that he cause the victim to "reasonably fear imminent bodily injury" and that he display a deadly weapon. The victim testified that she was in fear for her life. Her fear was certainly reasonable. Clark was not the victim in this case. Therefore, it is irrelevant whether he was in fear of the defendant. Additionally, it was not necessary that the gun be fired in order for the defendant to be guilty of aggravated assault. It was only required that he "used *or* displayed a deadly weapon." The victim and Clark presented almost identical testimony as to this incident. After viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This issue is without merit.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE