# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1998 SESSION



**FILED**

**July 9, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9707-CR-00290 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable James C. Beasley, Jr., Judge |
| | ) |
| **GREGORY WHITFIELD,** | ) (Aggravated Robbery, Aggravated Assault) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

A C Wharton, Jr.
Shelby County Public Defender

Tony N. Brayton
Assistant Public Defender
(On Appeal)

Michael Johnson
Kevin Reed
Assistant Public Defenders
201 Poplar Avenue, Suite 201
Memphis, TN 38103
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Georgia Blythe Felner
Counsel for the State
Criminal Justice Division
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

David B. Shapiro
Chris Marshburn
Assistant District Attorneys General
201 Poplar Avenue, Suite 301
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Gregory Whitfield, was convicted by a jury of aggravated robbery and aggravated assault in the Shelby County Criminal Court. The trial court overruled his motion for a new trial and he appeals. The sole issue for our review is whether the evidence is sufficient to support the jury's verdict.

On July 13, 1995, Yuet Lee and her son, Albert, were working at the family business, the B & G market, in Memphis. A lone man entered the store. He was not wearing a mask. He pointed a gun at Yuet Lee and demanded money and cigarettes. Yuet Lee complied with his request. She testified that she was afraid of the gunman. Lee's son, Albert, was also in the store. The man pointed the gun at Albert and told him to lie on the floor. The gunman fled. Yuet Lee pressed a silent alarm and the police soon arrived.

Lieutenant C. G. Gordon of the Memphis Police Department investigated the robbery. He showed Yuet Lee and Albert a photographic lineup separately. They both identified the appellant as the perpetrator of the robbery. At trial, Yuet Lee identified the appellant as the man who robbed her at gunpoint. She testified the appellant had been a customer in the store before the robbery. Yuet Lee also testified that the appellant's family had been customers in the store for a long time. At trial, Albert identified the appellant as the perpetrator of the robbery. Albert testified that the appellant had been a customer in the store before the robbery.

The appellant challenges the sufficiency of the evidence. In a sufficiency of the evidence challenge, the relevant question on appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or

crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); T.R.A.P. 13(e); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985).

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405 (Tenn. 1983). Moreover, a guilty verdict replaces the presumption of innocence enjoyed at trial with the presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). The appellant has the burden of overcoming the presumption of guilt. Id. On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978).

The appellant's sufficiency of the evidence issue challenges the identification of the appellant as the perpetrator of the offenses. He concedes that the eyewitness testimony is sufficient evidence to support the appellant's convictions. He argues, however, that the eyewitness testimony is "untrustworthy." The appellant points out that the robbery occurred quickly and that Yuet Lee has great difficulty seeing without her glasses. He also points out that there is no physical evidence linking the appellant to the crime. He contends that the Yuet Lee and Albert did not give the police a description of the perpetrator before identifying the appellant in the photographic lineup. Neither party asked Yuet Lee whether she was wearing her glasses on the day of the robbery. Neither party asked Yuet Lee, her son, or Lieutenant Gordon whether the Lees gave a description of the perpetrator. The appellant's reliance on those factors to challenge the sufficiency of the evidence is unconvincing.

There is sufficient evidence from which the jury could have identified the appellant as the perpetrator of the offenses beyond a reasonable doubt. Yuet Lee and Albert identified the appellant as the perpetrator in a photographic lineup. Both testified that the appellant had been in the store before the robbery. At trial, Yuet Lee and Albert identified the appellant as the perpetrator. See State v. Johnson, 910 S.W.2d 897 (Tenn. Crim. App. 1995)

The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID H. WELLES, Judge


_____
JOE G. RILEY, Judge