IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

December 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 01C01-9802-CC-00079 |
| Appellee, | ) | |
| | ) | Bedford County |
| VS. | ) | |
| | ) | Honorable Charles Lee, Judge |
| TANYA ALISHA BURGESS, | ) | |
| | ) | (Aggravated Burglary, Theft) |
| Appellant. | ) | |

FOR THE APPELLANT:

Andrew Jackson Dearing III
117 South Main Street, Suite 101
P.O. Box 761
Shelbyville, TN 37162

FOR THE APPELLEE:

John Knox Walkup
Attorney General and Reporter
        and
Lisa A. Naylor
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

William Michael McCown
District Attorney General
        and
Robert G. Crigler
Hollynn L. Hewgley
Assistant Dist. Attorneys General
1 Public Square, Suite 100
Shelbyville, TN 37160-3953

OPINION FILED: _____

AFFIRMED

Joseph M. Tipton,
Judge

## O P I N I O N

The defendant, Tanya Alisha Burgess, appeals as of right her convictions by a Bedford County jury of aggravated burglary and theft over one thousand dollars. On appeal, she questions the sufficiency of the evidence. We affirm the judgment of the trial court.

## FACTS

Steve Stover returned home from work in the early morning hours of December 17, 1996, and found the door to his home unlocked. A police investigation revealed that a side door had been pried open. A quick search of the house revealed that several pieces of musical equipment were missing as well as a lockbox and some jewelry. The value of the stolen property was stipulated to be over one thousand dollars.

The investigation quickly focused on James Gammon, a person who previously had rented a room in the Stover residence. Gammon paid weekly rent to Stover until he was asked to leave because they "weren't getting along." Stover testified that Gammon moved out three weeks before the burglary and that Gammon no longer had permission to enter his house.

Investigator Tony Collins of the Shelbyville Police Department subsequently located the defendant and Gammon at the defendant's trailer. Also at the trailer was Dennis Dewitt, a former boyfriend of the defendant.[1] Collins advised the defendant, Gammon and Dewitt that there had been a burglary and asked them to

---

[1] It is unclear from the record when the defendant and Dewitt became suspects.

2

come to the station for an interview. The three complied, and the defendant gave an incriminating written statement to the police after receiving <u>Miranda</u> warnings. In her statement, the defendant admitted taking jewelry from a dresser in the residence.

The defendant testified in her own defense. She stated that she did not see Gammon gain entry to the victim's house. She testified that she thought Gammon was retrieving property he had left at the house when he resided there. She further testified that she thought the jewelry belonged to Gammon's ex-fiancé.

The defendant stated she learned that the property taken from the victim's residence had been stolen when her cousin heard about the burglary on a police scanner. She then told Dewitt to dispose of the stolen items in their possession. On cross-examination, the defendant testified that she lied in her statement to police and only wrote what she was told to write.

The jury convicted the defendant of aggravated burglary and theft of property over one thousand dollars.

## SUFFICIENCY OF THE EVIDENCE

The defendant contends the evidence is insufficient to support her convictions for aggravated burglary and theft. We disagree.

When an appellant challenges the sufficiency of the evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 318, 99 S. Ct. 2781,

3

2789, (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992); Tenn. R. App. P. 13(e). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This court will not reweigh the evidence, reevaluate the evidence, or substitute its evidentiary inferences for those reached by the jury. State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995). Furthermore, in a criminal trial, great weight is given to the result reached by the jury. State v. Johnson, 910 S.W.2d 897, 899 (Tenn. Crim. App. 1995).

A person is guilty of the offense of aggravated burglary if he or she enters a habitation without the effective consent of the owner with the intent to commit a theft. T. C. A. §§ 39-14-402, -403. A person is guilty of theft if that person, with the intent to deprive the owner of property, knowingly obtains or exercises control over the property without the owner's effective consent. T. C. A. § 39-14-103.

This is a classic case for jury determination. The defendant gave a statement to the police in which she admitted entering the Stover house and taking jewelry. She said that while Gammon and Dewitt were loading the musical equipment, she went into a bedroom and took some rings and two watches. She further admitted, "Dennis [Dewitt] and Joey [Gammon] were going to sell the stuff [that night]."

The evidence satisfied the elements of the offenses. After the jury heard the defendant recant her statement and proclaim innocence, the jury chose not to believe her. This was exclusively within the province of the jury.

4

## JUDGMENT OF ACQUITTAL

At the close of proof and following her sentencing hearing, the defendant moved for a judgment of acquittal. The defendant contends that the trial court abused its discretion in denying these motions. As the evidence in the defendant's case has been found sufficient, this issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

Concur:

_____
Paul G. Summers, Judge

_____
Joe G. Riley, Judge

5